UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CELEBRATION CHURCH, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5832** |
| **CHURCH MUTUAL INSURANCE COMPANY, et al** | **SECTION "C" (1)** |

## ORDER AND REASONS

Before the Court is the issue whether this matter should be remanded based on a lack of subject matter jurisdiction as the result of the addition of non-diverse defendants in an amended complaint. Rec. Doc. 68. The plaintiff, Celebration Church, Inc. ("Celebration Church"), argues in favor of remand, while Certain Underwriters at Lloyd's, London ("Lloyd's") and Church Mutual Insurance Company ("Church Mutual") oppose remand. Lloyd's includes in its memo a request to to rescind the order of the magistrate judge granting Celebration leave to amend its complaint. Rec. Docs. 71, 73. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate under 28 U.S.C. § 1447( c) for the following reasons.

This case was filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and removed on the basis of diversity jurisdiction. Rec. Doc. 1. On February 19, 2014, the magistrate judge granted the plaintiff's leave to amend its complaint to include non-diverse defendants, defeating complete diversity. Rec. Doc. 62. No objection was filed to that order.

Church Mutual argues that its pending motion to sever should be considered before ruling on the issue of remand, and asks the Court to sever claims against it from claims against Lloyd's and United National Insurance Company on January 8, 2014. Rec. Doc. 23, 71. However, it appears to the Court that granting this motion to sever would not separate claims against Church Mutual from

1

claims against the local defendants or maintain diversity jurisdiction. In any event, the Court currently does not have subject matter jurisdiction over this matter. Under 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

In its memorandum, Lloyd's argues against remand and requests that the Court rescind the order granting leave to amend its complaint. Rec. Doc. 73. Federal Rule of Civil Procedure 72(a) provides: "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Rule 72 also provides that a party "may serve and file objections to the order within 14 days after being served with a copy. . . .A party may not assign as error a defect in the order not timely objected to." The order of the magistrate judge was filed on February 19, 2014, and Lloyd's memorandum containing the request to rescind her order was filed in its memorandum on March 21, 2014. Rec. Doc. 73. Lloyd's request is untimely and, in any event, the Court finds that the order of the magistrate judge is not clearly erroneous or contrary to law.

Accordingly,

IT IS ORDERED that this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of subject matter jurisdiction under 28 U.S.C. § 1447( c).

New Orleans, Louisiana, this 2nd day of April, 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE